**SETTOS v LOCAL No. 352 of INTERNATIONAL ALLIANCE OF MOVING PICTURE OPERATORS**

Ohio Appeals, 2nd Dist, Clark Co.

Decided July 23, 1940.

S. A. Bowman, Springfield, for plaintiff-appellee.

Charles H. Elston, Cincinnati; Arthur H. Fix, Cincinnati, and Keifer & Keifer, Springfield, for defendants-appellants.

### OPINION

BY THE COURT:

This matter had its inception in the Court of Common Pleas.

The petition filed in the court below alleges that the plaintiff is a lessee of certain property on which he is engaged in the operation of a moving picture theater; that during the entire time he has operated said theater, he has hired two motion picture operators to operate the machines; that the defendant, Local Union 352 is a trade union and labor organization and that the individual defendants are members of such union, and that individually and as an organization defendants have caused his theater to be picketed as unfair to union labor.

On February 23, 1940, the cause came on to be heard upon the petition, amended answer and evidence and the court found for the plaintiff and that he was entitled to relief by injunction. It was ordered that the temporary restraining order be made permanent.

Motion for new trial was filed and overruled and bond given.

Notice of intention to appeal was given from the order of the court made on February 23rd, 1940, said appeal being made on questions of law and fact.

Some evidence was taken which is incorporated in a Bill of Exceptions. The court below in his opinion recited the facts leading up to the picketing and states that the uncontradicted evidence discloses that prior to this time the plaintiff employed no union labor and that no relations, contractual or otherwise, ever existed between plaintiff and the union or any of its members and that no overtures had been made by the union to enroll the operators as members of the union and that no dispute had ever existed between the plaintiff and operators concerning wages, hours or working conditions.

The Court states that the evidence further discloses that sometime after the commencement of the action, one of the two operators did join the union, but that some weeks later he voluntarily resigned as an operator without cause or complaint and without any dispute over wages. The Court reviews the history of the labor union and the law long applicable thereto and finds that as an incident to a bona fide trade dispute there is no justification for the picketing by the defendant union and that under the conditions disclosed to picket plaintiff's place, with a banner containing the words referred to, amounts to the publication of false matter concerning plaintiff. The Court states, "there being no trade dispute, no union labor employes, no contractual relations between plaintiff or defendant union or its members, the picketing by defendants can amount to no more than an attempt to harrass, intimidate and coerce plaintiff into signing a contract with the union."

We have examined the Bill of Exceptions and are of the opinion that the court below correctly stated the evidence and it is not necessary for us to again recite it. The essential conclusion is that there was no bona fide dispute between the proprietor and any of his employes, but that the controversy seemed to be between the theater owner and the union, the union seeking to compel the owner to employ union labor and to enter into a contract with the union both of which he refused to do.

Under these conditions, there is no labor dispute which would, under the decisions, justify the union in picketing the property of the plaintiff in an attempt to force him to enter into a contract with the union.

In **Crosby v Raph, 136 Oh St 352,** opinion by the court, it is stated on page 354 that the controlling question is whether the evidence discloses the existence of a legitimate trade dispute. The Court in speaking of the case of **LaFrance, etc. v Brotherhood of Electrical Workers, 108 Oh St 61,** later referred to in the case of **State ex rel v Office Building Commission, 125 Oh St 301,** states,

"Of course, as already indicated in the factual statement, it is not even contended that in the instant case there is any dispute whatsoever between the plaintiff and her employees, as in the LaFrance case, supra. On the contrary, the only dispute in the instant case is between the plaintiff and the defendants with whom the plaintiff's employees have no connection. The thing upon which the defendants are insisting is that the plaintiff discharge her employees unless they become members of one of the defendant unions. There is no reason or convincing authority sustaining the contention of the defendants that they have the right to engage in picketing or boycotting under such circumstances."

The Court quotes with approval certain Indiana cases to the effect,

"The right to contract, the right to do business and the right to labor freely and without restraint are all constitutional rights equally sacred, and the privilege of free speech cannot be used to the exclusion of other constitutional rights nor as an excuse for unlawful activities in interference with another's business."

In the Crosby case four judges concurred, one concurred in the judgment only and two dissented.

In the case at bar the evidence discloses facts that are so nearly like those in the Crosby case as to defy distinction. The only suggestion of a difference is that one of the employees did join the union and did resign as an operator. That situation, however, does not seem to differentiate it from the principles enunciated by the court.

We are, therefore, of the opinion that the judgment of the court below should be affirmed.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.